Callahan, J.
This appeal involves a dispute as to whether plaintiff’s attachment was valid'as against appellant’s third party claim of title.
Defendant, one Wahhab, a merchant doing business in Liberia, Africa, on December 10, 1946, shipped to New York a quantity of piassava, a species of hemp, on an “ order ” bill of lading. Appellant Eesamny Bros, claimed that immediately after the shipment Wahhah assigned the bill of lading to it.
Upon arrival of the goods on or about January 29, 1947, the Sheriff of the County of New York at the instance of plaintiff served attachment papers on the steamship company, the appellant and the selling agent of Wahhab in New York, the goods having been consigned to such agent for sale. Thereafter, by stipulation the piassava was sold without prejudice to the rights of the parties and the proceeds delivered to the sheriff in lieu of the merchandise.
*563 A third party claim made hy appellant to the Supreme Court under section 924 of the Civil Practice Act was referred by the Special Term to an official referee. At first the referee reported to sustain the third party claim finding that there had been a valid transfer, but Special Term returned the matter to the same Referee for additional proof and further report upon the question of good faith, knowledge of the prior sale of the merchandise and purchase for value by appellant.
The Referee after considering additional evidence, including certain testimony taken on behalf of appellant by deposition in Liberia, reported (1) that appellant had notice of the existence of an outstanding attachment and the liability of any goods arriving at New York to levy thereunder, and (2) that there was no evidence of any value having been paid for transfer of the bill of lading.
It will thus be noted that one of the questions referred was whether appellant had notice of the prior sale of the goods. This was not answered, but instead the Referee found notice of the existence of an outstanding attachment. For reasons that will later appear both the question and the answer were immaterial. The only issue was whether there had been a valid and genuine transfer of the bill of lading which depended on the existence of consideration and “ good faith ”.
We have examined the evidence on this issue and find that it supports appellant’s third party claim.
It is unnecessary to do more than summarize the essential facts relating to the dispute. Appellant had possession of the negotiable bill of lading properly indorsed long before the arrival of the goods. Its claim is that Wahhab, the shipper of the piassava, was indebted to it on open account in a sum considerably in excess of the value of the merchandise and that the bill of lading was assigned as a means of or security for part payment of this debt. Attached to the deposition returned from Liberia were certain original pages from the books of account of appellant showing the account of Wahhab and the existence of a debt in appellant’s favor. There was no testimony discrediting the genuineness of these book entries.
Plaintiff called as an expert witness an accountant practicing in New York. He conceded that the exhibit evidently consisted of pages taken from an accounts receivable ledger which showed transactions between debtor and creditor and an existing debt. He gave as his opinion, however, that because there was no entry in the ledger respecting any payment by reason of the transfer of the bill of-lading, this evidenced lack of good faith. *564 As the witness put it, the appellant doubted the good faith of the transfer of the bill of lading or had doubt as to the right to enforce collection on it and, therefore, did not make any entry on its ledger of credit.
We think that this opinion evidence, if it could be considered evidence rather than a theory of the witness, was insufficient to support a finding of bad faith when considered against the factual proof. In the first place the expert witness conceded that he was not familiar with accounting practices in Africa. Furthermore, it appears that the piassava was a commodity sold by weight that shrunk in transit and the exact amount that would be obtained upon its sale would not be ascertainable until its arrival in New York. No precise figure that could be credited on appellant’s books could be ascertained until such events occurred. The only entries customarily made in the ledger appear to be exact amounts of debit and credit. We have no evidence as to whether appellant did or did not keep other books that might show receipt of the bill of lading. The accountant suggested that an approximate credit could have been entered on the books subject to adjustment. Assuming that this would have been proper accounting practice, as against the absence of such an entry there appears (1) the uncontradicted proof of the existence of a genuine indebtedness, and (2) the proof from disinterested witnesses that appellant had advised the carrier and the agent of the shipper long before the arrival of the goods that Besamny Bros, were transferees of the bill of lading. That plaintiff also knew of appellant’s.claim as transferee is evidenced by the service of the attachment on appellant.
It would seem immaterial whether appellant had notice that Wahhab through his agents had previously contracted to sell the piassava. The bill of lading in this case was a security bill which/ if negotiated for value, would transfer the seller’s security interest.
We are not passing upon the rights of the purchaser of the piassava. The circumstances of this case would not seem to evidence any passage of title to a buyer of the goods. But even if the contrary appeared, the seller would have been left with a valid lien to secure his right to payment. The assignment of the bill of lading would have transferred this right. In fact, if there had been a passage of title, the only thing that plaintiff could attach would have been this right of the seller to payment.
The finding by the Referee that appellant in December, 1946, had knowledge of an attachment undoubtedly referred to an earlier attachment partially satisfied by a levy made on a prior *565 shipment of goods by Wahhab. There is nothing but surmise or suspicion to support this finding of knowledge. But even if it were correctly found, it would not defeat appellant’s rights. This dispute is between two of Wahhab’s creditors, and we are not considering whether the transfer to appellant constituted an unlawful preference, but whether there was an actual transfer of the bill of lading in good faith and for value. No attempt to levy on the goods involved in suit occurred until late in January, 1947. The bill of lading had been transferred more than a month before. There was no proof of any conspiracy to defeat the rights of plaintiff as a creditor by an unlawful or feigned transfer.
Considering the whole record, including the effect to be given to the failure to note the transfer in a certain consular invoice referred to by the parties, we feel‘constrained to hold that appellant sufficiently sustained its contention that it was a transferee of the bill of lading in good faith and for value, and without notice of any facts that would defeat a claim to the proceeds of the sale of the merchandise as against the plaintiff’s attachment.
The order should be reversed, with $20 costs and disbursements and the motion of appellant granted.
Peck, P. J., Van Voobhis and Shientag, JJ., concur; Dore, J. dissents and votes to affirm.
Order, so far as appealed from, reversed, with $20 costs and disbursements to the appellant and the motion granted.